[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR IMPOSITION OFLIFE SENTENCE ON REMAND
In this criminal prosecution, defendant's convictions of six counts of capital felony were affirmed by the Supreme Court. The judgments, however, were set aside with respect to the imposition of the death penalty, and the cases were remanded to the trial court for an entirely new sentencing hearing pursuant to General Statutes § 53a-46a. State v. Ross,230 Conn. 183, 286 (1994). Defendant has now moved for the imposition of a sentence of life imprisonment without possibility of release claiming that § 53a-46a makes no provision for a retrial of the penalty phase of a capital trial.
For reasons hereinafter stated, the motion is denied.
In advancing his argument on the motion, defendant relies to a large extent on the reasoning of the court in StateCT Page 5230v. Penix, 32 Ohio St.3d 369 (1987). Penix was a death penalty case in which the Ohio court of appeals found error at the penalty phase and remanded the case for a new sentencing hearing. The case was not remanded but was appealed to the Ohio Supreme Court which ruled that since there was no statutory authority for allowing the imposition of the death penalty upon resentencing, the court could not create such a procedure. The court held that in such a situation, the court on remand was limited to a sentence of life imprisonment with limitations on parole eligibility. State v. Penix, supra 373.
The reasoning of the court in Penix, however, is not applicable here. The Ohio statute provided that in capital cases the penalty shall be determined by the panel of three judges that tried the offender, or: "(b) By the trial jury and the trial judge if the offender was tried by jury." Ohio Rev. Code Ann. § 2929.03 (Baldwin 1994). Under Ohio law, there was no other statutory provision for the imposition of the death penalty. State v. Penix, supra, 373. Since the trial jury had long since been discharged by the time of the appellate division's remand hearing, a new hearing with the same jury was impossible.
In this state, the statutory law is broader. General Statutes § 53a-46a provides that: "(a)(a) person shall be subject to the penalty of death for a capital felony only if a hearing is held in accordance with the provisions of this section." The statute then provides, as the Ohio statute does, for a penalty phase hearing before the jury which determined defendant's guilt. The Connecticut statute, unlike the Ohio statute, then goes on to provide, in the alternative, that the hearing may be held, "(2) before a jury impaneled for the purpose of such hearing if . . . (c) the jury which determined the defendant's guilt has been discharged by the court for good cause, or (3) before the court, on motion of the defendant and with the approval of the court and the consent of the state."
Defendant argues that the "discharged for good cause" language in the statute limits the application to situations where a jury is discharged after mistrial and not after a verdict. No authority is cited for this provision, however, and the rules of practice make no such distinction. Practice Book § 870. Although the rules of practice are not statutes where the language used is clear and unambiguous, courts cannot, by construction, read into the rules provisions which CT Page 5231 are not clearly stated. Frazier v. Mason, 176 Conn. 638, 642
(1979).
Although the issue presented by this motion does not appear to have been specifically laid before the Supreme Court, that court did review § 53a-46a and then remanded the matter to the trial court for an "entirely new sentencing hearing pursuant to § 53a-46a". State v. Ross, supra 286.
It must be assumed that in remanding the matter the court concluded that an entirely new sentencing hearing would be possible under the statute. If such a rehearing was not possible under the statute, the court would simply have remanded the case for resentencing as the Ohio court did inPenix.
Accordingly, the motion must be denied.
Purtill, J.